Sarah J. Guske (CA Bar No. 232467)
Email: sarah.guske@bakerbotts.com
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Jon V. Swenson (CA Bar No. 233054)
Email: jon.swenson@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road Bldg One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7514
Fax: (650) 739-7614

[additional counsel on signature page]

*Attorneys for Plaintiffs AT&T Corp.,*
*AT&T Services, Inc., and AT&T Mobility*
*LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T CORP., AT&T SERVICES, INC., AND AT&T MOBILITY LLC, | Case No. 5:21-cv-5078 |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY** |
| v. | |
| VOIP-PAL.COM, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiffs AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC ("the AT&T plaintiffs") seek a declaratory judgment that they do not infringe any claim of U.S. Patent Nos. 8,630,234 (the "'234 patent"), and 10,880,721 (the "'721 patent"), and that the '234 and '721 patents are invalid.  There is a live and existing controversy between the parties to this lawsuit.  On April 24, 2020, defendant VoIP-Pal filed a patent infringement suit asserting U.S. Patent No. 10,218,606 (the "'606 patent") in the Western District of Texas against two of the three plaintiffs (AT&T Corp. and AT&T Services, Inc.).  That case was dismissed without prejudice on March 25, 2021. (Case No. 20-cv-325, Dkt. 53.)  However, AT&T's declaratory judgment complaint of noninfringement and invalidity of the '606 patent is pending in this District.  Nevertheless, on June 25, 2021, defendant VoIP-Pal.com, Inc. ("VoIP-Pal") filed a patent infringement suit attempting to assert the '234 and '721 patents in the Western District of Texas against the AT&T plaintiffs.   The Honorable Judge Lucy H. Koh of the Northern District of California has extensive experience with VoIP-Pal's patents, the technology claimed in its patents, and its litigation campaign against AT&T, making it logical and judicially efficient for the parties' dispute to be heard in this Court.

## INTRODUCTION

1.      This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. The AT&T plaintiffs seek a declaratory judgment that they do not infringe any claim of the '234 and '721 patents and that the '234 and '721 patents are invalid. The action arises from a real and immediate controversy between the AT&T plaintiffs and VoIP-Pal as to whether the AT&T plaintiffs infringe any claims of the '234 and '721 patents. The '234 patent is attached as Exhibit 1A, and the '721 patent is attached as Exhibit 1B, both of which are entitled "Mobile Gateway."

2.      This is not the first lawsuit between VoIP-Pal and an AT&T entity in this District. As this Court has previously recognized, the parties have a long history. In 2016, VoIP-Pal filed six lawsuits—one against plaintiff AT&T Corp., two against Apple, and three others against Amazon, Verizon, and Twitter—collectively alleging infringement of six patents ("the 2016 cases"). After its case against Twitter was transferred to this District, VoIP-Pal voluntarily consented to transfer of the remaining cases to this District. (Exhibit 2.) This Court subsequently found that all six patents

were invalid under 35 U.S.C. § 101 for claiming ineligible subject matter. (Exhibits 3-4.) Both of this Court's two decisions have already been affirmed by the Federal Circuit pursuant to Fed. R. App. P. 36. (Exhibits 5A-5B.)

3.     Dissatisfied with this Court's decisions, and in an apparent effort to avoid a similar judgment, VoIP-Pal filed a cluster of lawsuits against Google, Facebook, Apple, Amazon, Verizon, and various AT&T entities in the Western District of Texas in 2020, alleging infringement of a seventh (and related) patent, the '606 patent, which is part of the same family as, shares a common specification with, and contains similar claim language as, the six already-invalidated patents.

4.     Within weeks, Apple, Twitter, Verizon, and AT&T filed declaratory judgment complaints in the Northern District of California, alleging noninfringement and invalidity of VoIP-Pal's seventh patent, the '606 patent. VoIP-Pal moved to dismiss those complaints under the first-to-file rule, arguing that its Western District of Texas complaints were the first-filed cases. VoIP-Pal also sought dismissal for, *inter alia*, lack of personal jurisdiction and improper venue. The Court declined to apply the first-to-file rule in the interests of judicial efficiency. (Exhibit 8.) In particular, the Court appreciated that VoIP-Pal's argument "completely ignores the history of disputes between the parties whether Plaintiffs infringe Defendant's family of patents related to communications over internet protocol, including a set of cases filed in 2016 and another set filed in 2018, all of which were adjudicated by this Court." (*Id.* at 11.) The Court also found that VoIP-Pal had no ties to the Western District of Texas and "decline[d] to apply the first-to-file rule to permit [VoIP-Pal] to forum shop." (*Id.* at 13.) Therefore, the Court denied VoIP-Pal's motions. The Apple, Twitter, and AT&T declaratory-judgment cases are still pending in this District.[1]

5.     Faced again with an unfavorable decision, and desperate to flee this Court's jurisdiction, VoIP-Pal filed yet another set of complaints against the same parties in the Western District of Texas on June 25, 2021. (*See* Exhibit 6.) This time, VoIP-Pal chose a new patent family to assert. However, the '234 and '721 patents relate to the same subject matter as VoIP-Pal's previous seven patents: call routing functionality based on callee identifiers. A simple comparison

---

[1] The Court dismissed the Verizon case on May 26, 2021 via a stipulation of dismissal. (Case No. 20-cv-3092, Dkt. 73.) Notwithstanding, VoIP-Pal also filed a new suit against Verizon in the Western District of Texas on June 25, 2021. (Case No. 21-cv-672.)

1  of the patents' abstracts demonstrates that similarity:

| U.S. Patent No. 8,542,815 (2016 case) | U.S. Patent No. 8,630,234 (2021 case) |
| --- | --- |
| (57)        **ABSTRACT**<br>A process and apparatus to facilitate communication between callers and callees in a system comprising a plurality of nodes with which callers and callees are associated is disclosed. In response to initiation of a call by a calling subscriber, a caller identifier and a callee identifier are received. Call classification criteria associated with the caller identifier are used to classify the call as a public network call or a private network call. A routing message identifying an address, on the private network, associated with the callee is produced when the call is classified as a private network call and a routing message identifying a gateway to the public network is produced when the call is classified as a public network call. | (57)        **ABSTRACT**<br>A method of initiating a call to a callee using a mobile telephone involves: receiving, from a user of the mobile telephone, a callee identifier associated with the callee; transmitting an access code request message to an access server, said access code request message including said callee identifier; receiving an access code reply message from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said callee identifier; and initiating a call with the mobile telephone using said access code to identify the callee. |

6.      Similarly, VoIP-Pal accuses the same technology of infringement. For example, in both the 2016 Northern District of California case and the 2020 Western District of Texas case, VoIP-Pal accused AT&T's "Wi-Fi Calling" of infringement. (Case No. 18-cv-6177, Dkt. 3-16, 3-19; Case No. 20-cv-325, Dkt. 1-2.) In the 2021 Western District of Texas, VoIP-Pal accuses AT&T's "Voice over WiFi or VoWiFi" of infringement. (Case No. 21-cv-671, Dkt. 1-3, 1-4.) (*See* Exhibits 9-12.)

7.      VoIP-Pal's forum shopping attempts should be disregarded, and in the interests of justice and judicial efficiency, any dispute between VoIP-Pal and the AT&T plaintiffs concerning the '234 and '721 patents should be adjudicated in this District.

8.      The AT&T plaintiffs believe that they do not infringe the '234 and '721 patents, and that they have not infringed any claims of the '234 and '721 patents, and that the claims of the '234 and '721 patents are invalid.

9.      VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and the AT&T plaintiffs as to whether their products and/or services infringe any claims of the '234 and '721 patents, and whether the claims of the '234 and '721 patents are invalid. The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues.

## THE PARTIES

10.      AT&T Corp. is a New York corporation with a place of business at One AT&T Way, Bedminster, New Jersey 07921.

11.      AT&T Services, Inc. is a Delaware corporation with a place of business at 208 S.

1    Akard St., Dallas, Texas 75202.

2       12.    AT&T Mobility LLC is a Delaware limited liability company with a place of

3    business at 1025 Lenox Park Blvd NE, Atlanta, Georgia 30319.

4       13.    On information and belief, VoIP-Pal is a company incorporated and registered under

5    the laws of Nevada with a principal place of business in Bellevue, Washington.

6       14.    On information and belief, including VoIP-Pal's allegations in litigations filed in

7    Texas, VoIP-Pal owns the '234 and '721 patents.

8                               **JURISDICTIONAL STATEMENT**

9       15.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and

10   under the patent laws of the United States, Title 35 of the United States Code.

11      16.    This Court has subject matter jurisdiction over the claims alleged in this action under

12   28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over

13   declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C.

14   §§ 1331, 1338, 2201, and 2202. Jurisdiction is also proper under 28 U.S.C. § 1332 because AT&T

15   and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

16      17.    This Court can provide the declaratory relief sought in this Declaratory Judgment

17   Complaint because an actual case and controversy exists between the parties within the scope of this

18   Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists as to

19   the '234 and '721 patents at least because the AT&T plaintiffs do not infringe and have not infringed

20   any claims of the '234 and '721 patents; VoIP-Pal previously filed a lawsuit against AT&T Corp.

21   alleging infringement of three similar patents with similar claim language and implicating the same

22   AT&T technology; VoIP-Pal has accused the AT&T plaintiffs of infringing the '234 and '721

23   patents in litigation in the Western District of Texas; VoIP-Pal's infringement allegations generally

24   implicate products or services provided by the AT&T plaintiffs; and, on the basis of VoIP-Pal's

25   allegations in the Western District of Texas complaint, the AT&T plaintiffs therefore have a

26   reasonable apprehension of suit with regard to these allegations.

27      18.    Moreover, the first two patents previously asserted by VoIP-Pal against AT&T Corp.

28   were held invalid under 35 U.S.C. § 101 by this Court, and—based on the substantial similarities

between those invalid claims and the claims of the '234 and '721 patents—the '234 and '721 patents are invalid for at least the same reasons.  And, even though this Court invalidated VoIP-Pal's first two patents, VoIP-Pal continued its litigation spree, bringing suit against AT&T a second time in 2020 and a third time in 2021.  Furthermore, VoIP-Pal's executives have recently made public statements that VoIP-Pal is "not finished" taking action, despite the recent decision of the Federal Circuit affirming the judgment from this District that the claims of all of the patents that VoIP-Pal has previously asserted against AT&T Corp. are invalid. (Exhibit 7.)

19.     As a result, and as this Court has previously held, VoIP-Pal has "engaged in an affirmative act sufficient to confer jurisdiction over" this declaratory judgment claim "based on the extensive litigation campaign undertaken by [VoIP-Pal] against AT&T on related patents." (Exhibit 8 at 25.) This Court has already recognized VoIP-Pal's public statements that it will continue to assert its patent rights until it is successful. (*Id.* at 26.) As the Court noted, "at a case management conference in the 2016 cases [against AT&T and others], Defendant represented to this Court that Defendant did not then intend to file additional lawsuits against Plaintiffs," and "[d]espite these representations, Defendant chose to file additional lawsuits." (*Id.* at 27 n.5.) VoIP-Pal continues to do so, having sued AT&T in the 2016 case, again in the 2020 Western District of Texas case asserting the '606 patent, and now in the 2021 Western District of Texas case asserting the '234 and '721 patents.

20.     This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged in actions in this District that form the basis of the AT&T plaintiffs' claims against VoIP-Pal—namely, the prosecution of the prior patent infringement lawsuit against AT&T Corp. in this District, the prosecution of similar patents in this District, voluntarily transferring to this District the lawsuit that VoIP-Pal filed against AT&T Corp. and litigating that case without contesting personal jurisdiction, continuing to prosecute its prior 2016 case against AT&T in this District after transfer from the District of Nevada, and engaging California lawyers for the previous cases involving AT&T and the other defendants, including the 2016 case and the 2020 declaratory judgment action.  VoIP-Pal's actions have created a real, live, immediate, and justiciable case or controversy between VoIP-Pal and the AT&T plaintiffs.

21.     This Court has already determined that it has personal jurisdiction over VoIP-Pal. (Exhibit 8.)  It concluded: "In the instant case, the Court concludes that [VoIP-Pal] has purposefully directed its enforcement activities towards the forum state by: (1) litigating six lawsuits on claims of infringement of patents in the same family in the Northern District of California[;] (2) stipulating to transfer five lawsuits, four of them against Plaintiffs in the instant three cases, to this district; (3) never contesting personal jurisdiction in the Northern District of California in those six lawsuits; (4) engaging multiple California law firms in its infringement lawsuits; and (5) meeting with Apple in the Northern District of California in 2016 regarding claims of infringement of patents in the same family." (*Id.* at 17; *see also id.* at 17-20.)

22.     The Court also concluded that "the claim at issue in the instant cases arises out of or relates to these activities because the activities described above relate to patent enforcement." (*Id.* at 20.) Likewise, the claim at issue here arises out of or relates to the same activities of patent enforcement. The prior two cases involving VoIP-Pal and AT&T in this District—the 2016 case and the 2020 declaratory judgment case—are significantly intertwined with this case: the asserted three patents in those cases are related to the same technology as the '234 and '721 patents: call routing technology using callee identifiers. The Court already found that the 2016 case and the 2020 declaratory judgment case "share substantially similar technology and accused products." (*Id.*) As demonstrated by VoIP-Pal's allegations in the Western District of Texas complaint asserting the '234 and '721 patents, that case and VoIP-Pal's prior two cases against AT&T in this District all involve overlapping theories of infringement. In each of these cases, VoIP-Pal accuses AT&T's telecommunications technology using WiFi (*See* Exhibits 9-12.)

23.     As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposefully directed allegations of infringement of the '234 and '721 patents at the AT&T plaintiffs.

24.     In doing so, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in this action. Further, the exercise of personal jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of fairness and substantial justice. This Court has already determined the assertion of personal jurisdiction against VoIP-Pal is reasonable and fair.  (Exhibit 8 at 21-23.)

25.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement and invalidity of patents is determined under the general venue statute, 28 U.S.C. § 1391. Additionally, VoIP-Pal consented to transfer to this District the 2016 lawsuit that VoIP-Pal filed against AT&T Corp. (Exhibit 2.)

26.     Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c). This Court has already determined that venue is proper. (Exhibit 8 at 23.)

27.     As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, at least for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

28.     In 2016, VoIP-Pal filed lawsuits in the District of Nevada against AT&T Corp., Apple, Verizon, and Twitter, alleging infringement of two patents—U.S. Patent Nos. 8,542,815 (the "'815 patent") and 9,179,005 (the "'005 patent"). VoIP-Pal voluntarily consented to transfer of its case against AT&T Corp. to this District, and between August and November 2018, each of the four cases was transferred to this District and consolidated for pretrial purposes: Apple (Case No. 5:18-cv-06217-LHK), AT&T Corp. (Case No. 5:18-cv-06177-LHK), Verizon (Case No. 5:18-cv-06054-LHK), and Twitter (Case No. 5:18-cv-04523-LHK).

29.     AT&T Corp. and the other defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), because the asserted claims of the '815 and '005 patents were unpatentable under 35 U.S.C. § 101. On March 25, 2019, Judge Koh granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid. VoIP-Pal appealed. On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity. (Exhibit 5A.)

30.     In 2018, VoIP-Pal filed additional lawsuits against Apple and Amazon, alleging infringement of four patents—U.S. Patent Nos. 9,537,762; 9,813,330; 9,826,002; and 9,948,549.

(Case Nos. 5:18-cv-6216-LHK and 5:18-cv-7020-LHK.) Those four patents were part of the same family as, and shared a common specification with, the '815 and '005 patents that VoIP-Pal asserted in its earlier litigation. Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents were invalid under 35 U.S.C. § 101. On November 19, 2019, Judge Koh granted the motion to dismiss and found all asserted claims of the four patents to be invalid. On November 3, 2020, the Federal Circuit affirmed this Court's judgment of invalidity. (Exhibit 5B.)

31.     In early April 2020, VoIP-Pal filed new lawsuits in the Western District of Texas (Waco Division) against Apple, Amazon, Facebook, and Google, alleging infringement of a seventh patent, the '606 patent. (Case Nos. 20-cv-275, 20-cv-272, 20-cv-267, 20-cv-269.) Each of the seven previously asserted patents are in the same patent family. The '606 patent, which on its face issued on February 26, 2019 (during the pendency of VoIP-Pal's lawsuit against AT&T Corp. in the Northern District of California), is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in earlier litigations and which were found to be invalid by this Court, including the '815 and '005 patents asserted against AT&T Corp.

32.     In late April 2020, VoIP-Pal filed new lawsuits in the Western District of Texas (Waco Division)—one against AT&T Inc., AT&T Corp., AT&T Communications of Texas LLC, and AT&T Services, Inc. and another against Verizon—alleging infringement of the '606 patent. (Case Nos. 20-cv-325, 20-cv-327.)

33.     On notice of VoIP-Pal's newly minted enforcement campaign in the Western District of Texas, the AT&T plaintiffs, as well as Twitter, Apple, and Verizon, filed declaratory judgment complaints in this District in April and May 2020, alleging noninfringement and, for some, invalidity of the '606 patent. (Case Nos. 20-cv-2397, 20-cv-2460, 20-cv-2995, 20-cv-3092.) In each of those cases, VoIP-Pal filed a motion to dismiss under the first-to-file rule, alleging that its Western District of Texas cases constituted the first-filed cases. VoIP-Pal also moved to dismiss for, *inter alia*, lack of personal jurisdiction and improper venue.

34.     On December 11, 2020, this Court denied VoIP-Pal's motions to dismiss. VoIP-Pal petitioned the Federal Circuit for a writ of mandamus, which was denied on March 8, 2021. (Exhibit

13.) In doing so, the Federal Circuit held that "the conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularly well supported." (*Id.* at 3-4.)

35.     Between March 25, 2021 and April 1, 2021, the lawsuits in the Western District of Texas were dismissed without prejudice "under the first-filed rule."  (Case Nos. 20-cv-325 (Dkt. No. 53), 20-cv-327 (Dkt. No. 49).)

36.     On June 25, 2021, VoIP-Pal again filed new lawsuits in the Western District of Texas (Waco Division)—one attempting to sue AT&T Inc., AT&T Mobility LLC, and AT&T Services, Inc., two attempting to sue against Apple, and another five against Facebook, Google, Amazon, Verizon, and T-Mobile—alleging infringement of the '234 and '721 patents. (Case Nos. 21-cv-665, 21-cv-667, 21-cv-668, 21-cv-669, 21-cv-670, 21-cv-671, 21-cv-672, 21-cv-674.)

37.     On June 28, 2021, VoIP-Pal filed an unopposed motion to file a substitute Original Complaint and Civil Cover Sheet, requesting to replace AT&T Inc. with AT&T Corp. and to correct an "unintentional clerical error" in filing the Original Complaint and Civil Cover Sheet in Case No. 21-cv-670 incorrectly in its case against AT&T (Case No. 21-cv-671).  (Case No. 21-cv-671, Dkt. 6.)

38.     The '234 and '721 patents are in the same family and share a common title, specification, and inventors with each other. The '234 patent, on its face, issued on January 14, 2014—two years before VoIP-Pal's first ever suit against AT&T in the District of Nevada. On its face, the '721 patent claims priority to the '234 patent and issued on December 29, 2020—during the pendency of VoIP-Pal's 2020 case against AT&T Inc., AT&T Corp., AT&T Communications of Texas LLC, and AT&T Services, Inc. in the Western District of Texas and AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc.'s 2020 declaratory judgment suit against VoIP-Pal in this District.

39.     VoIP-Pal's 2021 complaint against the named AT&T entities in the Western District of Texas identifies claim 20 of the '234 patent and claim 38 of the '721 patent as exemplary claims that are allegedly infringed by those AT&T entities. (*See* Exhibits 11-12.) These exemplary claims of the '234 and '721 patents are similar to the claims of the seven patents that VoIP-Pal asserted

against AT&T Corp. and the other defendants in litigations in this District, six of which this Court has held invalid, and the seventh of which is involved in pending cases in this District.

40.     VoIP-Pal's infringement allegations against the named AT&T entities in the Western District of Texas cases, as reflected in its complaints in those actions, track its infringement allegations against AT&T Corp. in the earlier actions in this District. For example, VoIP-Pal again directs its allegations towards telecommunications services that are the same as or similar to its allegations in the earlier actions in this District, in particular, to AT&T's Wi-Fi Calling and/or VoWiFi technology. (*See* Exhibits 9-12.)

41.     The AT&T plaintiffs believe that they do not infringe and have not infringed any claims of the '234 and '721 patents, and that the claims of the '234 and '721 patents are invalid at least for the same or similar reasons that the claims of the six previously asserted patents were held invalid.

42.     VoIP-Pal's tactics appear to reflect an attempt to avoid the adverse judgments of this Court by bringing serial lawsuits based on similar patent claims in a different district. In the interests of justice and judicial efficiency (among other reasons), any dispute between VoIP-Pal and the AT&T plaintiffs concerning the '234 and '721 patents should be adjudicated in this District.

## INTRADISTRICT ASSIGNMENT

43.     For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis. The AT&T plaintiffs believe that the case should be assigned to the Honorable Lucy H. Koh, who presided over VoIP-Pal's prior lawsuits against AT&T Corp. and other companies (*see, e.g.*, Case No. 5:18-cv-6277-LHK), and who is currently presiding over pending cases involving AT&T Corp. and VoIP-Pal and other companies (*see, e.g.*, Case No. 5:20-cv-02995-LHK).

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment That The AT&T Plaintiffs Do Not Infringe The '234 Patent)

44.     The AT&T plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     In view of the facts and allegations set forth above, there is an actual, justiciable,

substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether the AT&T plaintiffs infringe any claim of the '234 patent. VoIP-Pal has accused the AT&T plaintiffs of infringing the '234 patent in litigation in the Western District of Texas, presenting an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs and VoIP-Pal regarding whether the AT&T plaintiffs infringe any claim of the '234 patent.

46.     The AT&T plaintiffs do not infringe, and have not infringed, any claim of the '234 patent. For example, VoIP-Pal alleges that the named AT&T entities in the Western District of Texas infringe claim 20 of the '234 patent. Claim 20, an independent claim, recites the limitations (1) "cause an access code request message to be transmitted [from a mobile telephone apparatus] to an access server to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said location identifier identifying a location of the mobile telephone;" (2) "receive an access code reply message [at the mobile telephone apparatus] from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time;" and (3) "initiate [by the mobile telephone apparatus] a call using said access code to identify the callee." The AT&T plaintiffs do not infringe claim 20 of the '234 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: (1) "cause an access code request message to be transmitted [from a mobile telephone apparatus] to an access server to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said

location identifier identifying a location of the mobile telephone;" (2) "receive an access code reply message [at the mobile telephone apparatus] from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time;" and (3) "initiate [by the mobile telephone apparatus] a call using said access code to identify the callee." For at least these same reasons, AT&T also does not induce others to infringe or contributorily infringe.  Furthermore, AT&T's products and services are capable of substantial non-infringing uses, rendering contributory infringement unavailable.

47.     Likewise, the AT&T plaintiffs do not infringe the remaining seven independent claims of the '234 patent, claims 1, 11, 29, 30, 46, 62, and 78. The AT&T plaintiffs do not infringe claim 1 of the '234 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: (1) "transmitting an access code request message to an access server to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said location identifier identifying a location of the mobile telephone;" "receiving an access code reply message from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time;" and (3) "initiating a call with the mobile telephone using said access code to identify the callee." The AT&T plaintiffs also do not infringe claim 11 of the '234 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "[a] mobile telephone apparatus comprising: . . . transmitting means for transmitting an access code request message to an access server to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective

telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said location identifier identifying a location of the mobile telephone; means for receiving an access code reply message from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time; and means for initiating a call using said access code to identify the callee." The AT&T plaintiffs also do not infringe claim 29 of the '234 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "transmit an access code request message to an access server to seek an access code from a pool of access codes telephone wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address to enable a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said location identifier identifying a location of the mobile telephone; receive an access code reply message from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said callee location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time; and initiate a call using said access code to identify the callee." The AT&T plaintiffs also do not infringe claim 30 of the '234 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "receiving from the mobile telephone an access code request message including a callee identifier associated with the callee and a location identifier separate and distinctive from said callee identifier, identifying a location of the mobile telephone; producing an access code identifying a communication channel based on said location identifier and/or based on a location pre-associated with the mobile telephone, said access code being different from the callee identifier and useable by the mobile telephone to

initiate a call to the callee using the channel, and wherein said access code expires after a period of time and wherein producing said access code comprises selecting said access code from a pool of access codes, wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address; and transmitting an access code reply message including said access code, to the mobile telephone." The AT&T plaintiffs also do not infringe claim 46 of the '234 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "means for producing an access code identifying a communication channel based on said location identifier and/or based on a location pre-associated with the mobile telephone, said access code being different from the callee identifier and useable by the mobile telephone to initiate a call to the callee using the channel and wherein said access code expires after a period of time and wherein said means for producing said access code comprises means for selecting said access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address; and means for transmitting an access code reply message including said access code to the mobile telephone." The AT&T plaintiffs also do not infringe claim 62 of the '234 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "receive from the mobile telephone an access code request message including a callee identifier associated with the callee and a location identifier separate and distinctive from said callee identifier, identifying a location of the mobile telephone; communicate with a routing controller to obtain from said routing controller an access code identifying a communication channel, said access code being determined from said location identifier and/or based on a location pre-associated with the mobile telephone and said access code being different from the callee identifier and useable by the mobile telephone to initiate a call to the callee using the channel, and wherein said access code expires after a period of time and wherein said access code is selected from a pool of access codes and wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address; and cause an access code reply message including said access code to be transmitted to the mobile telephone." The AT&T plaintiffs also do not infringe claim 78 of the '234 patent at least because no AT&T

product or service meets or embodies at least the following limitations as used in the claimed inventions: "receive from the mobile telephone an access code request message including a callee identifier associated with the callee and a location identifier separate and distinctive from said callee identifier, identifying a location of the mobile telephone; communicate with a routing controller to obtain from said routing controller an access code identifying a communication channel, based on said location identifier and/or based on a location pre-associated with the mobile telephone, said access code being different from the callee identifier and useable by the mobile telephone to initiate a call to the callee using the channel, and wherein said access code expires after a period of time and wherein said access code is selected from a pool of access codes, wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address; and cause an access code reply message including said access code to be transmitted to the mobile telephone."

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment That The AT&T Plaintiffs Do Not Infringe The '721 Patent)**

48.    The AT&T plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether the AT&T plaintiffs infringe any claim of the '721 patent. VoIP-Pal has accused two of the AT&T plaintiffs of infringing the '721 patent in litigation in the Western District of Texas, presenting an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs and VoIP-Pal regarding whether the AT&T plaintiffs infringe any claim of the '721 patent.

50.    The AT&T plaintiffs do not infringe, and have not infringed, any claim of the '721 patent. For example, VoIP-Pal alleges that the named AT&T entities in the Western District of Texas infringe claim 38 of the '721 patent. Claim 38 of the '721 patent, an independent claim, recites the limitations (1) "transmit an access code request message [from a wireless apparatus] to an access server, the access code request message including the destination node identifier and a location

identifier identifying a geographical location of the wireless apparatus;" (2) "receive an access code reply message [at the wireless apparatus] from the access server in response to the access code request message, the access code reply message including an access code based on the location identifier in the access code request message, the access code identifying a communications channel on a gateway through which communications between the wireless apparatus and the destination node can be conducted, the access code being distinct from the destination node identifier;" and (3) "initiate communications from the wireless apparatus, via the network interface, using the access code based on the location identifier, to establish communications between the wireless apparatus and the destination node through the communications channel identified by the access code." The AT&T plaintiffs do not infringe claim 38 of the '721 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: (1) "transmit an access code request message [from a wireless apparatus] to an access server, the access code request message including the destination node identifier and a location identifier identifying a geographical location of the wireless apparatus; (2) "receive an access code reply message [at the wireless apparatus] from the access server in response to the access code request message, the access code reply message including an access code based on the location identifier in the access code request message, the access code identifying a communications channel on a gateway through which communications between the wireless apparatus and the destination node can be conducted, the access code being distinct from the destination node identifier;" and (3) "initiate communications from the wireless apparatus, via the network interface, using the access code based on the location identifier, to establish communications between the wireless apparatus and the destination node through the communications channel identified by the access code." For at least these same reasons, AT&T also does not induce others to infringe or contributorily infringe. Furthermore, AT&T's products and services are capable of substantial non-infringing uses, rendering contributory infringement unavailable.

51.    Likewise, the AT&T plaintiffs do not infringe the remaining eight independent claims of the '721 patent, claims 1, 20, 50, 51, 77, 103, 129, 130. The AT&T plaintiffs do not infringe claim 1 of the '721 patent at least because no AT&T product or service meets or embodies

at least the following limitations as used in the claimed inventions: "transmitting an access code request message to an access server, the access code request message including the destination node identifier and a location identifier identifying a geographical location of the wireless device; receiving an access code reply message from the access server in response to the access code request message, the access code reply message including an access code based on the location identifier in the access code request message, the access code identifying a communications channel on a gateway through which communications between the wireless device and the destination node can be conducted, the access code being distinct from the destination node identifier; and in response to receiving the access code reply message, causing the wireless device to use the access code received in the access code reply message to initiate communications from the wireless device to the destination node through the channel identified by the access code, wherein the access code is based on the location identifier transmitted in the access code request message and enables the communications to be established from the wireless device to the destination node through the channel on the gateway identified by the access code." The AT&T plaintiffs do not infringe claim 20 of the '721 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "[a] wireless apparatus comprising: . . . means for receiving from a user of the wireless apparatus a destination node identifier associated with a destination node with which the user wishes to communicate; means for transmitting an access code request message to an access server, the access code request message including the destination node identifier and a location identifier identifying a geographical location of the wireless apparatus; means for receiving an access code reply message from the access server in response to the access code request message, the access code reply message including an access code based on the location identifier in the access code request message, the access code identifying a communications channel on a gateway through which communications between the wireless apparatus and the destination node can be conducted, the access code being distinct from the destination node identifier; and means for causing the wireless apparatus to establish communications with the destination node through the communications channel identified by the access code in the access code reply message, the access code being based on the location identifier

transmitted in the access code request message." The AT&T plaintiffs do not infringe claim 50 of the '721 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "cause the wireless device to transmit an access code request message to an access server, the access code request message including the destination node identifier and a location identifier identifying a geographical location of the wireless device; cause the wireless device to receive an access code reply message comprising an access code identifying an Internet Protocol (IP) address based on the location identifier in the access code request message, the access code representing a communications channel of a network element in the network through which communications between the wireless device and the destination node can be conducted, the communications channel being associated with the geographical location of the wireless device, the access code being distinct from the destination node identifier; and cause the wireless device to use the access code comprising the Internet Protocol (IP) address based on the location identifier to establish communications between the wireless device and the destination node through the communications channel of the network element identified by the access code." The AT&T plaintiffs do not infringe claim 51 of the '721 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "receiving from the wireless device an access code request message including a destination node identifier associated with the destination node and a location identifier identifying a geographical location of the wireless device; in response to receiving the access code request message, causing a routing controller to produce an access code identifying a communications channel on a gateway through which communications between the wireless device and the destination node can be conducted, the access code being based on the location identifier of the access code request message received from the wireless device, wherein the access code is useable by the wireless device to initiate communications with the destination node through the communications channel; and transmitting, to the wireless device, an access code reply message including the access code based on the location identifier, to cause the wireless device to use the access code to initiate communications with the destination node through the communications channel." The AT&T plaintiffs do not infringe claim 77 of the '721 patent at least because no AT&T product or service meets or embodies at least the

following limitations as used in the claimed inventions: "means for receiving from the wireless device an access code request message including a destination node identifier associated with the destination node and a location identifier identifying a geographical location of the wireless device; means for causing a routing controller to produce an access code identifying a communications channel on a gateway through which communications between the wireless device and the destination node can be conducted, in response to receiving the access code request message, such that the access code is produced based on the location identifier of the access code request message received from the wireless device and such that the access code is useable by the wireless device to initiate communications with the destination node through the communications channel; and means for transmitting an access code reply message including the access code to the wireless device, wherein the access code in the access code reply message is based on the location identifier and is used by the wireless device to initiate communications with the destination node through the communications channel on the gateway." The AT&T plaintiffs do not infringe claim 103 of the '721 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "receive from the wireless device an access code request message including a destination node identifier associated with the destination node and a location identifier identifying a geographical location of the wireless device; cause a routing controller to produce an access code identifying a communications channel on a gateway through which communications between the wireless device and the destination node can be conducted, in response to receiving the access code request message, such that the access code is produced based on the location identifier of the access code request message received from the wireless device and such that the access code is useable by the wireless device to initiate communications with the destination node through the communications channel; and transmit an access code reply message including the access code to the wireless device, wherein the access code in the access code reply message is based on the location identifier and is used by the wireless device to initiate communications with the destination node through the communication channel." The AT&T plaintiffs do not infringe claim 129 of the '721 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "receive from

the wireless device an access code request message including a destination node identifier associated with the destination node and a location identifier identifying a geographical location of the wireless device; cause a routing controller to produce an access code comprising an Internet Protocol (IP) network address identifying a communications channel on a gateway through which communications between the wireless device and the destination node can be conducted, in response to receiving the access code request message, such that the access code is produced based on the location identifier of the access code request message received from the wireless device and such that the access code is useable by the wireless device to initiate communications with the destination node through the communications channel; and transmit an access code reply message including the access code to the wireless device, wherein the Internet Protocol (IP) address of the access code is based on the location identifier and is used by the wireless device to initiate communications with the destination node through the communication channel on the gateway." The AT&T plaintiffs do not infringe claim 130 of the '721 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: "receiving from the wireless device a request message including a destination node identifier associated with the destination node and a location identifier associated with a geographical location of the wireless device, wherein the location identifier comprises a first Internet Protocol (IP) address associated with the wireless device; in response to receiving the request message, producing an access code identifying a second Internet Protocol (IP) address associated with an IP network communication device through which communications between the wireless device and the destination node can be conducted, wherein the access code is produced based on the location identifier received from the wireless device, wherein the access code is useable by the wireless device to initiate communications with the destination node through the IP network communication device; and transmitting a reply message including the access code to the wireless device, wherein the second Internet Protocol (IP) address is based on the location identifier and is used by the wireless device to initiate communications with the destination node through a communication channel on the IP network communication device."

      52.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate

controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether the AT&T plaintiffs infringe any claim of the '234 and '721 patents.

53.     The AT&T plaintiffs are entitled to judgment declaring that they do not infringe the '234 and '721 patents.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment That The Claims Of The '234 Patent Are Invalid)

54.     The AT&T plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '234 patent is valid.

56.     The '234 patent is directed to similar technology and subject matter as the six patents that VoIP-Pal asserted in earlier litigations against AT&T Corp. and other defendants in this District. This Court held that the asserted claims of those six patents were all invalid under 35 U.S.C. § 101. The Federal Circuit has affirmed.

57.     Like those already invalidated claims, the claims of the '234 patent are invalid under 35 U.S.C. § 101.  The claims of the '234 patent are also invalid under 35 U.S.C. §§ 102, 103, and/or 112.

58.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '234 patent is valid.

59.     The AT&T plaintiffs are entitled to judgment declaring that the claims of the '234 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment That The Claims Of The '721 Patent Are Invalid)

60.     The AT&T plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61.     In view of the facts and allegations set forth above, there is an actual, justiciable,

substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '721 patent is valid.

62.     The '721 patent is directed to similar technology and subject matter as the six patents that VoIP-Pal asserted in earlier litigations against AT&T Corp. and other defendants in this District. This Court held that the asserted claims of those six patents were all invalid under 35 U.S.C. § 101. The Federal Circuit has affirmed.

63.     Like those already invalidated claims, the claims of the '721 patent are invalid under 35 U.S.C. § 101.  The claims of the '721 patent are also invalid under 35 U.S.C. §§ 102, 103, and/or 112.

64.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '721 patent is valid.

65.     The AT&T plaintiffs are entitled to judgment declaring that the claims of the '721 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## **PRAYER FOR RELIEF**

The AT&T plaintiffs respectfully request the following relief:

A.     That the Court enter a judgment declaring that the AT&T plaintiffs have not infringed, either directly or indirectly, and do not infringe any valid and enforceable claim of the '234 and '721 patents;

B.     That the Court enter a judgment declaring that the claims of the '234 and '721 patents are invalid;

C.     That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award the AT&T plaintiffs their attorneys' fees, costs, and expenses incurred in this action;

D.     That the Court award the AT&T plaintiffs any and all other relief to which the AT&T plaintiffs may show themselves to be entitled; and

E.     That the Court award the AT&T plaintiffs any other relief as the Court may deem just, equitable, and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY DEMAND**

The AT&T plaintiffs hereby demand a jury trial on all issues and claims so triable.

1    Dated: June 30, 2021                              **BAKER BOTTS L.L.P.**

2                                                      */s/ Sarah J. Guske*
                                                       Sarah J. Guske
3                                                      CA Bar No. 232467
                                                       sarah.guske@bakerbotts.com
4                                                      101 California Street, Suite 3600
                                                       San Francisco, CA 94111
5                                                      T: (415) 291-6200
                                                       F: (415) 291-6300
6
                                                       Jon V. Swenson
7                                                      CA Bar No. 233054
                                                       jon.swenson@bakerbotts.com
8                                                      1001 Page Mill Road
                                                       Bldg. One, Suite 200
9                                                      Palo Alto, CA 94304
                                                       T: (650) 739-7500
10                                                     F: (650) 739-7699

11                                                     Roger Fulghum (*Pro Hac Vice forthcoming*)
                                                       roger.fulghum@bakerbotts.com
12                                                     910 Louisiana Street
                                                       Houston, Texas 77002
13                                                     T: (713) 229-1234
                                                       F: (713) 229-1522
14
                                                       Samir A. Bhavsar (*Pro Hac Vice forthcoming*)
15                                                     samir.bhavsar@bakerbotts.com
                                                       Morgan G. Mayne (*Pro Hac Vice forthcoming*)
16                                                     morgan.mayne@bakerbotts.com
                                                       2001 Ross Avenue
17                                                     Dallas, Texas 75201
                                                       T: (214) 953-6500
18                                                     F: (214) 953-6503

19                                                     Lauren J. Dreyer (*Pro Hac Vice forthcoming*)
                                                       lauren.dreyer@bakerbotts.com
20                                                     700 K Street. N.W.
                                                       Washington, DC 20001
21                                                     T: (202) 639-7700
                                                       F: (202) 639-7890
22

23                                                     *Attorneys for Plaintiffs AT&T Corp., AT&T*
                                                       *Services, Inc., and AT&T Mobility LLC*
24

25

26

27

28

COMPLAINT FOR DECLARATORY               24
JUDGMENT OF NONINFRINGEMENT AND
INVALIDITY                                                     CASE NO. 5:21-cv-5078